UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------

EZEQUIEL PEREZ,

                              Plaintiff,

          -against-

THE CITY OF NEW YORK, DETECTIVE SAMUEL
LALLAVE, tax # 894731, POLICE OFFICERS JOHN
DOES 1-5,

                            Defendants.

-------------------------------------------------------x

**COMPLAINT**

CV 08 3802

Jury Trial Demanded

MAUSKOPF, J.
AZRACK, M.J.



## PRELIMINARY STATEMENT

1.     This is an action brought pursuant to 42 U.S.C. § 1983 and New York state law alleging civil rights violations by the City of New York and individuals employed by the New York City Police Department ("NYPD"). Plaintiff alleges that, on June 28, 2008, NYPD officers employed in the Brooklyn North Narcotics Division subjected him to false arrest, excessive force, assault, battery, an illegal strip search, and fabricated evidence in violation of the Fourth, Sixth and Fourteenth Amendments to the United States Constitution and New York state law. Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of attorney's fees and costs, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2.     This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3.     Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his claims brought under New York state law.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c).

## PARTIES

5. Plaintiff is a resident of the State of New York, County of Kings.

6. The City of New York is a municipal corporation organized under the laws of the State of New York.

7. Detective Samuel Lallave and Police Officers John Does 1-5 are members of the NYPD's Brooklyn North Narcotics Division who were involved in the arrest of plaintiff and the events arising out of plaintiff's arrest. These officers were acting under color of state law and in their capacities as NYPD officers at all relevant times herein. The officers are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The officers are sued in their individual capacities.

## STATEMENT OF FACTS

8. On June 28, 2008, at approximately 7:45 p.m., on Nostrand Avenue, between Bergen and Pacific Streets, in Brooklyn, New York, an unidentified police officer employed in the NYPD's Brooklyn North Narcotics Division unlawfully grabbed plaintiff by the neck, choked him, and slammed him against a metal gate.

9. A second officer arrived on the scene, took custody of plaintiff and searched plaintiff's person.

10. No illegal contraband was found on plaintiff.

11. Plaintiff asked the second officer the reason why he was being arrested, but the officer refused to give him an answer.

2

12. Moments after plaintiff was illegally seized, a police van arrived with two officers, one of whom has the last name of "Fernandez."

13. The officers took plaintiff to the 77th Precinct for arrest processing.

14. At the precinct, Officer "Fernandez' unlawfully strip searched plaintiff and ordered the nude plaintiff to squat, spread his buttocks, lift his testicles, and cough.

15. Nothing illegal was found on plaintiff.

16. This strip search was illegal because since plaintiff had not committed a crime, Officer "Fernandez" lacked reasonable suspicion to believe that plaintiff was in possession of illegal contraband.

17. Plaintiff was held in the precinct for a couple of hours and was not given food or water.

18. While plaintiff was confined in the precinct, Detective Samuel Lallave, pursuant to a conspiracy with other officers, fabricated a story that plaintiff had committed a crime and prepared police reports stating such.

19. At approximately 10:00 p.m., officers took plaintiff to Brooklyn Central Booking to await arraignment.

20. During the Central Booking admission process, unidentified officers, acting pursuant to a policy, practice and custom of the City of New York, illegally ordered plaintiff to strip down to his underwear.

21. The strip search in Central Booking was conducted in front of other detainees.

22. After the strip search, plaintiff was placed in a cell filled with garbage and excrement.

3

23. While plaintiff was confined in Central Booking, Detective Samuel Lallave, pursuant to a conspiracy with other officers, misrepresented to a prosecutor employed by the Kings County District Attorney's Office that plaintiff had committed a crime.

24. As a result of the officers' misrepresentation, false charges were filed against plaintiff.

25. On June 29, 2008, plaintiff was arraigned in Criminal Court, Kings County.

26. On June 29, 2008, the false charges filed against plaintiff were adjourned in contemplation of dismissal.

27. Plaintiff suffered damage as a result of defendants' actions. Plaintiff suffered emotional distress, mental anguish, fear, embarrassment, humiliation, discomfort, pain, bruising, and a loss of liberty.

## PLAINTIFF'S FEDERAL CLAIMS AGAINST DETECTIVE SAMUEL LALLAVE AND JOHN DOES 1-5

28. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-27 as if fully set forth herein.

29. The conduct of Detective Samuel Lallave and John Does 1-5, as described herein, amounted to false arrest, excessive force, an illegal strip search, and fabrication of evidence in violation of 42 U.S.C. § 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution.

### PLAINTIFF'S STATE LAW CLAIMS DETECTIVE SAMUEL LALLAVE AND JOHN DOES 1-5

30. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-29 as if fully set forth herein.

31. The conduct of Detective Samuel Lallave and John Does 1-5, as described herein, amounted to false arrest, assault, battery, and an illegal strip search in violation of New York state law.

### PLAINTIFF'S FEDERAL CLAIM AGAINST THE CITY OF NEW YORK

32. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-31 as if fully set forth herein.

33. The City of New York directly caused the constitutional violations suffered by plaintiff.

34. Upon information and belief, the City of New York, at all relevant times, was aware from notices of claim, lawsuits, complaints filed with the City, and from the City's own observations that the officers involved in the present case are unfit officers who frequently commit the acts alleged herein. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the officers and improperly retained and utilized them. Moreover, upon information and belief, the City of New York failed to adequately investigate prior complaints filed against the officers.

35. The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution.

## PLAINTIFF'S STATE LAW CLAIMS AGAINST THE CITY OF NEW YORK

36. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-35 as if fully set forth herein.

37. A notice of claim was duly filed on the City of New York within 90 days of the arrest of plaintiff, more than 30 days have elapsed since such filing, and the City has refused to settle plaintiff's state law claims.

38. Because Detective Samuel Lallave, John Does 1-5 and officers who strip searched plaintiff in Brooklyn Central Booking were acting within the scope of their employment as members of the NYPD at all relevant times, the City of New York is vicariously liable under New York state law for false arrest, assault, battery, and two illegal strip searches.

39. For the reasons stated in ¶ 34, the City of New York is liable for its negligent training, supervision, retention, and discipline of Detective Samuel Lallave, John Does 1-5 and the officers who strip searched plaintiff in Brooklyn Central Booking.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Attorney's fees and costs;

    d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:    September 17, 2008
          Brooklyn, New York

                                    CARDINALE & MARINELLI
                                    26 Court Street, Suite 1815
                                    Brooklyn, New York 11242
                                    (718) 624-9391

                                    By:

                                    _____
                                    RICHARD J. CARDINALE